**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STEVEN G. GONZALES,

                Plaintiff,

v.                                                                                  No. CV 19-434 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

                Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Steven Gonzales's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 30), filed February 19, 2021. Mr. Gonzales conferred with Defendant Commissioner Andrew Saul, in accordance with D.N.M.LR-Civ. 7.1(a), and "the Commissioner does not oppose the motion." (Doc. 30 at 2).

In his Motion, Mr. Gonzales's counsel, Michael Armstrong Law Office, LLC, petitions the Court for an order authorizing attorney fees in the amount of $5,944.75 for legal services rendered before this Court. *Id.* at 1. The Court, having reviewed the Motion and the relevant law, and noting the Motion is unopposed, finds Mr. Gonzales's Motion is well-taken and shall be **GRANTED**.

**I.**       **Procedural Background**

Mr. Gonzales instituted an action in this Court on May 13, 2019, seeking judicial review of the Commissioner's denial of his application for disability insurance benefits and supplemental security income. (Doc. 1); (Doc. 20 at 1). On January 23, 2020, the Court granted Mr. Gonzales's request for relief, and remanded the case to the

Commissioner for further proceedings. (Doc. 25). On April 23, 2020, the Court awarded Mr. Gonzales attorney fees in the amount of $4,653.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 28).

On November 17, 2020, upon remand the Commissioner determined Mr. Gonzales was disabled, entered a fully favorable decision, and awarded him past-due benefits in the amount of $47,779.00. (Doc. 30 at 4); *see also* (Doc. 30-1 at 11). The Commissioner notified Mr. Gonzales that the Social Security Administration had withheld $11,944.75 from his total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes twenty-five percent of total backpay benefits. (Doc. 30-1 at 11).

Mr. Gonzales's counsel now seeks an award of $5,944.75, approximately twelve percent of the total past-due benefits awarded to Mr. Gonzales. *See* (Doc. 30 at 1, 4); (Doc. 30-1 at 11). His counsel explains that Mr. Gonzales will also receive "as a refund" the $4,653.50 in EAJA fees previously awarded by this Court. (Doc. 30 at 2).

**II.   Analysis**

The issue before the Court is whether counsel's requested fee of $5,944.75 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if, as here, the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a twenty-five percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

2

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Mr. Gonzales upon remand. (Doc. 30 at 1); (Doc. 30-1 at 1). The requested fee for services performed in connection with this case, $5,944.75, represents approximately twelve percent of Mr. Gonzales's backpay benefits, which falls within the twenty-five percent limit imposed by § 406(b). Further, counsel spent 22.7 hours representing Mr. Gonzales before this Court, which falls within the district's range. (Doc. 30 at 4); *see e.g., Perrault v. Saul*, Civ. 1:18-cv-467

CG, 2020 WL 1514666 (D.N.M. Mar. 30, 2020) (finding 37.6 hours reasonable); *Bigsby v. Colvin*, 1:12-cv-1207 CG (Doc. 31) (finding 37.33 hours reasonable); *Arellanes v. Colvin*, 1:12-cv-1178 KBM (Doc. 32) (finding 36.76 hours reasonable); *Dimas v. Astrue*, 1:3-cv-1157 RHS (Doc. 34) (finding 38.26 hours reasonable). Counsel's hourly rate of $261.88 is also well within this District's average. *See*, *e.g.*, *Molina v. Saul*, 1:17-cv-1151 KRS, 2020 WL 7183569 (D.N.M. Dec. 7, 2020) (hourly rate of $294.12); *Reid v. Saul*, 1:16-cv-1104 SMV, 2020 WL 1049747 (D.N.M. Mar. 3, 2020) (hourly rate of $425.44).

    Mr. Gonzales's counsel has practiced law for 33 years. (Doc. 30-1 at 1). His practice consists primarily of social security cases, and he has "successfully represented hundreds of claimants before the Administration since 1996." (Doc. 30-1 at 20). Given his years of experience, the Court finds counsel's requested rate of $261.88 reasonable. Further, Mr. Gonzales's counsel represented Mr. Gonzales from 2013 through 2020, and won Mr. Gonzales an award of $47,779.00 in back benefits, with continuing monthly benefits of $660.00. (Doc. 30-1 at 11). Based on Mr. Gonzales's counsel's many years of experience in Social Security cases, his years of involvement in this particular case, and the success of his representation, the Court finds it reasonable to award attorney fees of $5,944.75, which amounts to approximately twelve percent of the total benefits awarded to Mr. Gonzales.

    In conclusion, the Court finds each component of counsel's requested fee award is reasonable. The requested award is within the district average and is based on the successful representation of Mr. Gonzales. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's requested fee award should be approved.

4

## III. Conclusion

**IT IS THEREFORE ORDERED** that Mr. Gonzales's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 29), shall be **GRANTED**. Mr. Gonzales's counsel is awarded $5,944.75 for legal services performed before this Court, to be paid from Mr. Gonzales's past-due benefits previously withheld by the Commissioner. *See* (Doc. 30-2 at 2) (explaining the Commissioner withheld $11,944.75 from Mr. Gonzales's award of past-due benefits to cover attorney fees). Counsel is further directed to refund the EAJA fee award of $4,653.50 from the instant award to Mr. Gonzales, notwithstanding any mandatory deductions. *See* 31 U.S.C. § 3716(c)(3)(B) (2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE